UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KENNIN K. DARDEN, ) | |
| Petitioner, ) | Civil Action No. 6: 20-71-WOB |
| v. ) | |
| WARDEN, USP-MCCREARY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Kennin Darden has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Darden argues that he is entitled to credit against his federal sentence for the approximately fourteen months he spent in pretrial custody because no state sentence was imposed against which that time could be credited.  [R. 1]  He is wrong about that, so the Court will deny his petition upon initial screening under 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Police in Rockford, Illinois arrested Darden on January 10, 2017, and charged him with Armed Violence, Possession with Intent to Deliver a Controlled Substance, Possession of a Firearm by a Street Gang Member, and possession of a Weapon by a Convicted Felon.  Darden was on parole from a prior Illinois conviction at the time, so Illinois also issued a parole violator warrant charging Darden with Possession of a Controlled Substance and Resisting a Peace Officer.  [R. 8-1 at 5]

Darden's conduct also caught the eye of federal prosecutors, who charged him with various firearms and drug trafficking charges on May 16, 2017.  Pursuant to a writ of habeas

corpus *ad prosequendum*, Darden was taken from the Winnebago County Jail and placed into federal custody on May 25, 2017. The Illinois criminal charges were dropped shortly thereafter, but the parole violator warrant remained. Darden pled guilty to two of the federal charges, and on February 20, 2018, the federal court imposed a 70-month sentence to be served after he completed any sentence imposed by Illinois for violating his parole. *United States v. Darden*, No. 3: 17-CR-50043-1 (N.D. Ill. 2017) [R. 2, 11, 30, 49 therein]; *see also United States v. Darden*, No. 18-CV-50340 (N.D. Ill. 2018) [R. 4 therein]

Darden was then returned to state custody pursuant to the Illinois detainer. Following a hearing on April 24, 2018, the Illinois Parole Board found that Darden had violated the terms of his parole, revoked his mandatory supervised release, and sentenced him to time served. Therefore, from January 10, 2017 to April 24, 2018, Darden was serving the parole violation sentence imposed by Illinois. [R. 8-1 at 4-6] Because Illinois credited this time period against Darden's state sentence, 18 U.S.C. § 3585(b) prevents this time from being "double counted" against his federal sentence. *United States v. Wilson*, 503 U.S. 329, 335, 337 (1992) ("[A] defendant [can] not receive a double credit for his detention time" under § 3585(b)); *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) ("Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence."). The Bureau of Prisons has therefore properly calculated Darden's sentence.

Accordingly, **IT IS ORDERED** as follows:

1. Darden's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

      3.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

      This 23rd day of November, 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge